Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 416
San Jose, California 95113-2404
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
JO ANNE GRAFF

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

JO ANNE GRAFF,

    Plaintiff,

v.

CENTRAL CREDIT SERVICES, INC., a Florida corporation, and PETER PATRICK DURANTE, individually and in his official capacity,

    Defendants.

Case No. C07-03182 RMW

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

15 United States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*

Plaintiff, JO ANNE GRAFF (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

-1-
COMPLAINT

1  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2      3.    This action arises out of Defendants' violations of the Fair Debt Collection
3  Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

4  **III. VENUE**

5      4.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in
6  that a substantial part of the events or omissions giving rise to the claim occurred in this judicial
7  district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the
8  Defendants transact business in this judicial district and the violations of the FDCPA complained
9  of occurred in this judicial district.

10  **IV. INTRADISTRICT ASSIGNMENT**

11      5.    This lawsuit should be assigned to the San Jose Division of this Court because
12  a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara
13  County.

14  **V. PARTIES**

15      6.    Plaintiff, JO ANNE GRAFF (hereinafter "Plaintiff"), is a natural person
16  residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15
17  U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

18      7.    Defendant, CENTRAL CREDIT SERVICES, INC. (hereinafter "CCS"), is
19  a Florida corporation engaged in the business of collecting debts in this state with its principal place
20  of business located at: 9550 Regency Square Boulevard, Suite 500, Jacksonville, Florida 32225-
21  8169. CCS may be served as follows: Central Credit Services, Inc., c/o Susan Slagle, Esq., Agent
22  for Service of Process, 1201 San Amaro Road, Jacksonville, Florida 32207-7527. The principal
23  purpose of CCS is the collection of debts using the mails and telephone, and CCS regularly attempts
24  to collect debts alleged to be due another. CCS is a "debt collector" within the meaning of 15 U.S.C.
25  § 1692a(6) and Cal. Civil Code § 1788.2(c).

26      **8.**    Defendant, PETER PATRICK DURANTE (hereinafter "DURANTE "), is
27  a natural person and is or was an employee, agent, officer and/or director of CCS at all relevant
28  times. DURANTE may be served at his business address at: Peter Patrick Durante, Central Credit

1 Services, Inc., 9550 Regency Square Boulevard, Suite 500, Jacksonville, Florida 32225-8169 and
2 at his residence address at: Peter Patrick Durante, 135 Jardin De Mer Place, Jacksonville Beach,
3 Florida 32250-2678. DURANTE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6)
4 and Cal. Civil Code § 1788.2(c). Plaintiff is informed and believes, and thereon alleges that
5 DURANTE is liable for the acts of CCS because he sets and approves CCS collection policies,
6 practices, procedures and he directed the unlawful activities described herein.

7     9. At all times herein mentioned, each of the Defendants was an officer, director,
8 agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said
9 times, each Defendant was acting in the full course and scope of said office, directorship, agency,
10 service, employment and/or joint venture. Any reference hereafter to "Defendants" without further
11 qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

13     10. On a date or dates unknown to the Plaintiff, Plaintiff is alleged to have
14 incurred a financial obligation, namely a consumer credit account issued by Bank of America, N.A.,
15 and bearing the account number XXXX-XXXX-XXXX-0393 (hereinafter "the alleged debt"). The
16 alleged debt was incurred primarily for personal, family or household purposes and is therefore a
17 "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined
18 by Cal. Civil Code § 1788.2(f).

19     11. Plaintiff is informed and believes, and thereon alleges that sometime
20 thereafter on a date unknown to the Plaintiff, the alleged debt was sold, assigned or otherwise
21 transferred to LVNV Funding, LLC.

22     12. Sometime thereafter on a date unknown to the Plaintiff, the alleged debt was
23 consigned, placed or otherwise transferred to Defendants for collection from the Plaintiff.

24     13. Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which
25 is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

26     14. A true and accurate copy of the collection letter from Defendants to Plaintiff
27 is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

28     15. The collection letter (Exhibit "1") is dated December 29, 2006.

16. The collection letter (Exhibit "1") was the Defendants' first written notice initially addressed to the Plaintiff in connection with collecting the alleged debt.

17. On or about January 10, 2007, an employee of the Defendants recorded the following message on the Plaintiff's answering machine:

> This message is for Joanne Graff. My name is Chris Rodriguez. I need you to return the call back at 1-888-504-1277. Once again my number is 1-888-504-1277. Return the call. I'll give you the file number 15 . . . 1355872. Once again, the reference number is 1355872.

18. On or about January 16, 2007, an employee of the Defendants recorded the following message on the Plaintiff's answering machine:

> This is a documented and recorded message for Anne Graff. Uh . . . Anne, this is Chris Hart. I need you to return a call to my office as soon as possible. The number is 800-650-6435. Uh . . . Anne, I've got a matter here that . . . uh . . . obviously involves you directly, and . . . uh . . . it is in your best interest to return the call as soon as possible. This is not a sales call. But I will be as discreet as possible for you. Please give me a call back. 800-650-6435.

19. On or about January 20, 2007, Defendants recorded the following automated message on the Plaintiff's answering machine:

> . . . office at 1-866-489-4524 between the hours of 8 a.m. and 9 p.m., Monday through Thursday, 8 a.m. and 5 p.m. Friday, and 8 a.m. to 12 noon, Saturday, Eastern Time. When calling, be sure to reference file number 1355872.

20. Defendants' answering machine messages were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

21. Defendants failed to disclose Defendants' identity and the nature of Defendants' business in the answering machine messages, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

22. Defendants failed to disclose that the answering machine messages were a communication from a debt collector, in violation of 15 U.S.C. § 1692e(11). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

/ / /

/ / /

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff brings the first claim for relief against Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

24. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 22 above.

25. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

26. Defendant, CCS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

27. Defendant, DURANTE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

28. The financial obligation allegedly owed by the Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

29. Defendants' answering machine messages described above violate the FDCPA.  The violations include, but are not limited to, the following:

   a. Defendants failed to disclose Defendants' identity and the nature of Defendants' business, in violation of 15 U.S.C. § 1692d(6); and

   b. Defendants failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11).

30. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

33. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1

1 through 31 above.

2 34. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

35. Defendant, CCS, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

36. Defendant, DURANTE, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

37. The financial obligation allegedly owed by the Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

38. Defendants' answering machine messages described above violate the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendants failed to disclose Defendants' identity and the nature of Defendants' business, in violation of 15 U.S.C. § 1692d(6), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(b); and

    b. Defendants failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated by Cal. Civil Code § 1788.17.

39. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

40. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

41. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

42. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to

1  an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and
2  15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

3      43.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the
4  RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies
5  that the Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

The Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendants' answering machine messages violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(6) and 1692e(11);

c. Declare that Defendants' answering machine messages violate the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b) and 1788.17;

d. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

f. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

g. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

h. Award Plaintiff such other and further relief as may be just and proper.

                                      CONSUMER LAW CENTER, INC.

                                      By: /s/ Fred W. Schwinn
                                            Fred W. Schwinn, Esq.
                                            Attorney for Plaintiff
                                            JO ANNE GRAFF

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JO ANNE GRAFF, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.